STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2005 DEC -1 P 3: 10

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-05-538

STATE OF MAINE

v.

DWAYNE STEVENS,

     Defendant

**DECISION ON MOTION**

This matter is before the court on the defendant's motion to dismiss the charge against him brought by indictment. That charge alleges that defendant Stevens violated 29-A M.R.S.A. § 2411(1-A)(D)(2), which provides, in pertinent part:

§ 2411. Criminal OUI
1-A. Offense. A person commits OUI if that person:
A. Operates a motor vehicle:
(1) While under the influence of intoxicants; or
(2) While having a blood-alcohol level of 0.08% or more;
D. (2) . . . Has . . . a prior criminal homicide conviction involving or resulting from the operation of a motor vehicle while under the influence of intoxicating liquor or drugs or with a blood-alcohol level of 0.08% or greater.

Proof of the OUI plus the prior homicide conviction while under the influence would constitute a class C crime with a minimum mandatory sentence including not less than six months incarceration.

**Facts**

For purposes of the motion to dismiss, the parties agree that the defendant has a prior criminal homicide conviction involving or resulting from operating a motor vehicle while under the influence of intoxicating liquor or drugs, i.e., conviction for vehicular manslaughter on February 26, 1986. Since the offense date of the new alleged OUI is June 10, 2005, there wERE approximately 19 years between these dates. Defendant moves to dismiss the indictment, arguing that the prior conviction cannot be

used for purposes of the enhancement of the classification and sentence if it was beyond 10 years prior to the offense date in issue. The court will grant the motion in part.

## Discussion

Subsections (B) and (C) of section 2411 specifically limit aggravating prior convictions as occurring, "within a 10-year period.", but subsection (D) at issue does not specify a certain "look back" period. The defendant points to 17-A M.R.S.A. § 9-A, which states, "Prior convictions may be considered for purposes of enhancing a present sentence if the date of each prior conviction precedes the commission of the offense being enhanced by no more than 10 years, except as otherwise provided by law." (Emphasis provided). The question is whether subsection (D) contains an "otherwise provided by law" exception to the 10-year limit. The defendant argues that an exception cannot be implied from silence and if the anomaly in the subsection does nothing more than create ambiguity, that ambiguity must be resolved in favor of the defendant. The State argues as a matter of legislative history and context that the legislature must have intended that the enhancement set forth in subsection (D) would not be subject to the 10-year general limitation. After weighing both arguments, the court agrees with the defendant's analysis and holds, as a matter of law, that a prior conviction sufficient to trigger the enhancement of subsection (D) must have occurred within 10 years prior to the date of the current offense to be considered.

Although the court agrees with the defendant's analysis, it will not dismiss the entire indictment at the present time. Since a class C allegation of operating under the influence pursuant to section 2411(1-A)(D)(2) includes within it the lesser included offense of class D OUI pursuant to section 2411(1-A)(A), i. e. without the enhancement for the prior criminal homicide conviction, it appears that the indictment could be effectively amended by eliminating the conviction language. Alternatively, the State

may simply choose to bring a new charge of operating under the influence class D by way of complaint. Since the court should be allowed an opportunity to make this choice, the court will allow 30 days for the State to notify the defendant and the court as to how it wishes to proceed. If no notice is given, the motion will be granted and the indictment will be dismissed.

The entry will be:

Motion GRANTED IN PART and the State is given 30 days within which to decide on its response.

Dated: November 3D , 2005

S. Kirk Studstrup
Justice, Superior Court

STATE OF MAINE
  vs
DWAYNE STEVENS
23 WINDSOR STREET #1
RANDOLPH ME 04346

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2005-00538

**DOCKET RECORD**

DOB: 03/17/1964
Attorney: SHERRY TASH
      HAINKE & TASH
      PO BOX 192
      WHITEFIELD ME 04353
      APPOINTED 09/08/2005

State's Attorney: EVERT FOWLE

Filing Document: INDICTMENT
Filing Date: 09/08/2005

Major Case Type: FELONY (CLASS A,B,C)

**Charge(s)**

1   OPERATING UNDER INFLUENCE-INJURY OR DEATH, 06/10/2005 AUGUSTA
    PRIOR
Seq 9887  29-A  2411(1-A)(D)(2)     Class C
  MILLS              / AUG

**Docket Events:**

09/08/2005 FILING DOCUMENT - INDICTMENT FILED ON 09/08/2005

      TRANSFER - BAIL AND PLEADING GRANTED ON 09/08/2005

      TRANSFER - BAIL AND PLEADING REQUESTED ON 09/08/2005

09/09/2005 Party(s): DWAYNE STEVENS
      ATTORNEY - APPOINTED ORDERED ON 09/08/2005

      Attorney: SHERRY TASH
09/13/2005 Charge(s): 1
      HEARING - ARRAIGNMENT HELD ON 09/13/2005
      S KIRK STUDSTRUP , JUSTICE
      Attorney: SHERRY TASH
      DA: ALAN KELLEY
      Defendant Present in Court

      READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
      DEFENDANT. 21 DAYS TO FILE MOTIONS
09/13/2005 Charge(s): 1
      PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 09/13/2005

09/13/2005 BAIL BOND - $50,000.00 CASH BAIL BOND SET BY COURT ON 09/13/2005
      S KIRK STUDSTRUP , JUSTICE
      OR $250,000 SURETY W/CONDITIONS OF NO USE/POSSESSION OF DRUGS/ALCOHOL AND SUBMIT RANDOM
      SEARCH/TEST FOR SAME; COMPLY WITH CURFEW OF 6 P.M. TO 6 A.M.; NOT TO BE IN ANY
      ESTABLISHMENT WHICH SERVES LIQUOR OR ON-PREMISES CONSUMPTION
09/13/2005 BAIL BOND - CASH BAIL BOND COND RELEASE ISSUED ON 09/13/2005
      S KIRK STUDSTRUP , JUSTICE
09/30/2005 MOTION - MOTION FOR BAIL RECONSID. FILED BY DEFENDANT ON 09/30/2005

10/03/2005 HEARING - BAIL HEARING SCHEDULED FOR 10/21/2005 @ 8:15

         NOTICE TO PARTIES/COUNSEL
10/03/2005 HEARING - BAIL HEARING NOTICE SENT ON 10/03/2005


10/05/2005 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 10/03/2005


10/05/2005 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/03/2005


10/05/2005 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 10/03/2005


10/05/2005 MOTION - MOTION TO COMPEL FILED BY DEFENDANT ON 10/03/2005


10/06/2005 HEARING - MOTION TO DISMISS SCHEDULED FOR 10/21/2005 @ 8:15

         NOTICE TO PARTIES/COUNSEL
10/06/2005 HEARING - MOTION TO COMPEL SCHEDULED FOR 10/21/2005 @ 8:15

         NOTICE TO PARTIES/COUNSEL
10/06/2005 HEARING - MOTION EXPERT WITNESS REPORT SCHEDULED FOR 10/21/2005 @ 8:15


10/11/2005 ORDER - TRANSCRIPT ORDER FILED ON 10/11/2005

         COPY SENT TO ELECTRONIC RECORDING DIVISION; DEFENSE ATTORNEY SHERRY TASH IS REQUESTING A
         COPY OF THE TRANSCRIPT OF PROBABLE CAUSE HEARING IN AUGUSTA DISTRICT COURT
10/25/2005 HEARING - MOTION TO COMPEL HELD ON 10/21/2005
         S KIRK STUDSTRUP , JUSTICE
         Attorney: SHERRY TASH
         DA: ALAN KELLEY          Reporter: JANETTE COOK
         Defendant Present in Court
10/25/2005 HEARING - MOTION EXPERT WITNESS REPORT HELD ON 10/21/2005
         S KIRK STUDSTRUP , JUSTICE
         Attorney: SHERRY TASH
         DA: ALAN KELLEY          Reporter: JANETTE COOK
         Defendant Present in Court
10/25/2005 HEARING - MOTION TO DISMISS HELD ON 10/21/2005
         S KIRK STUDSTRUP , JUSTICE
         Attorney: SHERRY TASH
         DA: ALAN KELLEY          Reporter: JANETTE COOK
         Defendant Present in Court
10/25/2005 MOTION - MOTION EXPERT WITNESS REPORT GRANTED ON 10/21/2005
         S KIRK STUDSTRUP , JUSTICE
         IF STATE INTENDS TO CALL AN EXPERT THEY WILL HAVE TO PROVIDE A REPORT TO DEFENSE COUNSEL
10/25/2005 MOTION - MOTION TO COMPEL GRANTED ON 10/21/2005
         S KIRK STUDSTRUP , JUSTICE
         COPY TO PARTIES/COUNSEL  MS. TASH TO CONTACT DEPARTMENT WITH #1; DA TO PROVIDE LOG AS
         REQUESTED IN #2; DA WILL PROVIDE COPIES OF ANY CERTIFICATES REQUESTED IN #3,4,3,4; DA TO
         PROVIDE DATES OF COURSES FOR #5,6,3; MOTION DENIED AS TO #8, BUT MS. TASH MAY CALL THE
         OFFICER.
10/25/2005 HEARING - BAIL HEARING HELD ON 10/21/2005
         S KIRK STUDSTRUP , JUSTICE
         Attorney: SHERRY TASH

Printed on: 12/01/2005

          DA:  ALAN KELLEY          Reporter: JANETTE COOK
          Defendant Present in Court
10/25/2005 MOTION -  MOTION FOR BAIL RECONSID. GRANTED ON 10/21/2005
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL
10/25/2005 BAIL BOND - $20,000.00 CASH BAIL BOND SET BY COURT ON 10/21/2005
          S KIRK STUDSTRUP , JUSTICE
10/25/2005 BAIL BOND - $200,000.00 SURETY BAIL BOND SET BY COURT ON 10/21/2005
          S KIRK STUDSTRUP , JUSTICE
11/01/2005 OTHER FILING -  TRANSCRIPT FILED ON 11/01/2005

          PROBABLE CAUS HEARING IN THE DISTRICT COURT
11/03/2005 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 11/03/2005

11/03/2005 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/03/2005
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL
11/03/2005 OTHER FILING -  MEMORANDUM OF LAW FILED ON 11/02/2005

          FILED BY STATE
11/18/2005 OTHER FILING -  MEMORANDUM OF LAW FILED ON 11/18/2005

          Attorney:  SHERRY TASH
          ISSUED JUSTICE STUDSTRUP
12/01/2005 MOTION -  MOTION TO DISMISS GRANTED ON 11/29/2005
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL   GRANTED IN PART AND THE STATE IS GIVEN 30 DAYS WITHIN WHICH TO
          DECIDE ON ITS RESPONSE
12/01/2005 ORDER -  COURT ORDER ENTERED ON 11/29/2005
          S KIRK STUDSTRUP , JUSTICE
          DECISION ON MOTION TO DISMISS

A TRUE COPY
ATTEST:  _____
                    Clerk